# Halapy, Appellant, *v.* Peters Creek Gas Coal Co.

*Workmen's Compensation Law, section 306 (c)—Loss of one eye
—Claim for total disability—Allowance for partial disability.*

An employee, who having previously lost the sight of one eye
subsequently loses the sight of the other by reason of an accident
in the course of his employment is entitled to 50 per cent of his
wages for 125 weeks. He is not entitled to compensation for total
disability under section 306 (a) of the Workmen's Compensation
Law, but is restricted to compensation for loss of the use of an
eye under the provisions of section 306 (c).

Lenti v. Lucci, 000 Pa. 000, followed.

Argued April 17, 1922. Appeal, No. 75, April T.,
1922, by plaintiff, from judgment of C. P. Washington
County, Feb. T., 1921, No. 120, affirming award of Work-
men's Compensation Board in the case of Michael Halapy
v. Peters Creek Gas Coal Company and State Workmen's
Insurance Company. Before ORLADY, P. J., PORTER,
HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.
Affirmed.

Appeal from award of Workmen's Compensation
Board. Before MCILVAINE, P. J.

From the record it appeared that the claimant made a
claim for total disability under the provisions of section
306 (a) of the Workmen's Compensation Law. The ref-
eree awarded him compensation at the rate of 50 per cent
of $20, or $10 per week for a period of 125 weeks, in ac-
cordance with the provisions of section 306 (c) of the
Workmen's Compensation Law. An appeal was taken to
the Workmen's Compensation Board, which sustained
the award of the referee.

Other facts appear by the opinion of the Superior
Court.

The court sustained the award of the Workmen's Com-
pensation Board. Plaintiff appealed.

196, (1922).] Assignment of Error—Opinion of the Court.

*Error assigned,* among others, was the decree of the court.

*J. Boyd Crumrine,* of *Acheson & Crumrine,* for plaintiff.

*Samuel L. Spyker,* Attorney for State Workmen's Insurance Fund, and with him *George E. Alter,* Attorney General, for appellee.

PER CURIAM, July 13, 1922:

The appellant at the time of entering the employ of the appellee coal company had only one eye. He lost this eye in the course of his employment, rendering him totally blind. He claimed compensation for total disability but was awarded the amount allowed for the loss of one eye.

The judgment of the court below sustaining the award of the compensation bureau must be affirmed on the opinion of the Supreme Court in Lenti v. Lucci, decided June 24, 1922, but not yet reported.

Judgment affirmed.